IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:   Christina Marie Kahlbom          :     Chapter 13
                                          :
         Debtor                           :     No. 16-18616-amc

## STIPULATED ORDER

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.   The Debtor acknowledges that as of September 18, 2017 she owes the Painters Crossing Condominium Association ("Painters Crossing") the amount of $1,355.00 representing post petition assessments, bankruptcy costs and bankruptcy attorney's fees through September, 2017.

2.   By September 18, 2017 the Debtor shall pay $1,355.00 in a lump sum to Painters Crossing to cure the arrears.

3.   Commencing October 1, 2017 the Debtor shall resume making monthly post-petition payments to Painters Crossing (presently in the amount of $566.00 a month, but subject to future changes) due on the first of each month and shall remain current on all post petition obligations.

4.   In the event Debtor fails to timely make the payments under Sections 2 or 3 above or if the case is converted to Chapter 7, the Moving Party shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within TEN (10) days of the date of said notice. If Debtor should fail to cure the default within TEN (10) days, the Moving Party may file a Certification of Default with the Court and the Court shall enter an Order granting the Moving Party relief from the automatic stay to proceed to collect the post

petition assessments due and owing and to enforce its statutory lien on the debtor's premises, including, but not limited to its right to take possession of the premises. The Debtor is only entitled to receive a total of two (2) default notices during the remainder of the debtor's bankruptcy. Should the debtor be in default a third time, the Moving Party may immediately file the Certification of Default without mailing a default notice, and the Court shall enter said Order.

5. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any post petition amounts not included in this stipulation, including fees and costs, due under the terms of the Condominium Association Declaration of Covenants & Easements and By-Laws, and applicable law.

6. The parties agree that a facsimile signature shall be considered an original signature and counsel certify that they are authorized to execute this stipulation behalf of their clients.

Date: September 5, 2017

*s/s Scott F. Waterman*
**SCOTT F. WATERMAN, ESQUIRE**
Attorney for Movant

Date: September 18, 2017

*/s/ Stanley E. Luongo, Jr.*
**STANLEY E. LUONGO, JR. ESQUIRE**
Attorney for Debtor

Approved by the Court this 25th day of September, 2017. However, the court retains discretion regarding entry of any further order.

BY THE COURT:

**Ashely M. Chan, Bankruptcy Judge**